# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MATTHEW COLE                            *
13 Cheever Place                        *
Brooklyn, N.Y. 11231                    *
                                        *
    Plaintiff       *
                                        *
    v.              *
                                        *
CENTRAL INTELLIGENCE AGENCY             *
Washington, D.C. 20505                  *
                                        *
    and             *
                                        *
DEPARTMENT OF DEFENSE                    *
Washington, D.C. 20301                  *
                                        *    Civil Action No. 09- _____
    and             *
                                        *
DEPARTMENT OF STATE                      *
Washington, D.C. 20520                  *
                                        *
    and             *
                                        *
DEFENSE INTELLIGENCE AGENCY             *
Washington, D.C. 20340                  *
                                        *
    and             *
                                        *
DEPARTMENT OF THE AIR FORCE             *
Washington, D.C. 20330                  *
                                        *
    Defendants.      *
                                        *

*   *   *   *   *   *   *   *   *   *   *   *

# **COMPLAINT**

    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et

seq., as amended, for the disclosure of agency records concerning the February 17, 2003,

rendition from Milan, Italy of Usama Mustafa Hassan Nasr (also known as "Abu Omar")

allegedly by both United States Government ("USG") and Italian intelligence officials

which have been improperly withheld from plaintiff Matthew Cole by defendants Central

Intelligence Agency, Department of Defense (including several of its components),

Department of State, Defense Intelligence Agency, and Department of the Air Force.

## JURISDICTION

1.   This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1331.

## VENUE

2.   Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.   Plaintiff Matthew Cole ("Cole") is a representative of the news media currently

working for ABC television. He has also written for GQ, Wired, Salon and ESPN The

Magazine, among others. He has specifically written on the topic at issue in this litigation

including Blowback, GQ Magazine, March 2007, and CIA Agents Are Undone By Their

Cell Phones, Wired Magazine, July 2007, and is working on a book concerning the

alleged rendition to be published by Simon & Shuster in Spring 2010.

4.   Defendant Central Intelligence Agency ("CIA") is an agency within the meaning

of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by Cole

which are the subject of this action.

5.   Defendant Department of Defense ("DoD") is an agency within the meaning of

5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by Cole

which are the subject of this action. The United States European Command ("EUCOM")

and the Defense Logistics Agency ("DLA") are components of DoD and are in possession and/or control of the records requested by Cole which are the subject of this action.

6.    Defendant Department of State ("DOS") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by Cole which are the subject of this action.

7.    Defense Intelligence Agency ("DIA") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by Cole which are the subject of this action.

8.    Defendant Department of the Air Force ("Air Force") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by Cole which are the subject of this action.

## FACTUAL BACKGROUND

9.    According to published news reports, on February 17, 2003, Abu Omar was allegedly kidnapped in Milan, Italy by both USG and Italian intelligence officials. *See http://news.bbc.co.uk/2/hi/europe/ 6732897.stm* (last visited on May 5, 2009); *http://www.matthewacole.com/pdfs/ Blowback-GQ.pdf* (last visited May 7, 2009).

10. Abu Omar was allegedly flown to Egypt and subjected to interrogation, including torture. *http://www.washingtonpost.com/wp-dyn/content/article/2009/04/22/ AR2009042202059.html* (last visited May 5, 2009); *http://www.matthewacole.com/pdfs/ Blowback-GQ.pdf* (last visited May 7, 2009).

11. In July 2005, Italian Prosecutor Armando Spataro issued arrest warrants for twenty-two (22) alleged CIA operatives in relation to his investigation into the alleged

kidnapping of Abu Omar. *http://www.washingtonpost.com/wp-dyn/content/article/ 2005/12/04/AR2005120400885.html* (last visited May 5, 2009).

12. On February 16, 2007, Judge Oscar Magi ("Judge Magi") in Milan, Italy indicted twenty-six (26) USG officials for their alleged role in the kidnapping of Abu Omar. *http://www.nytimes.com/2007/02/17/world/europe/17CIA.html ?_r=1&scp=1&sq= italy%20indicts%2031&st=cse* (last visited May 5, 2009). Abu Omar, for his part, has brought a separate civil suit in Italy. *http://www.voanews.com /english/archive/2007- 04/2007-04-05-voa52.cfm?CFID=202100850&CFTOKEN= 66790072&jsessionid= 6630a0dd59bbe2ffc3476019171e652d7636* (last visited May 13, 2009).

13. On June 8, 2007, Judge Magi convened criminal proceedings pertaining to the conduct of the twenty-six USG officials, as well as six Italian officials, in relation to the alleged kidnapping of Abu Omar. *http://news.bbc.co.uk/2/hi/europe/6732897.stm* (last visited May 5, 2009). Of the twenty-six USG officials, all are reportedly civilians with the exception of Air Force Lieutenant Colonel Joseph Romano ("LTC Romano"). See *http://www.alertnet.org/thenews/newsdesk/HRW/fe1d4abcec0c533e3020639615b98c7b.h tm* (last accessed May 7, 2009); *http://www.stripes.com/article.asp?section=104& article= 41068&archive=true* (last accessed May 7, 2009).

14. On March 11, 2009, Italy's Constitutional Court ruled that Italian prosecutors had violated state secrecy in gathering evidence for the criminal proceedings and deemed certain evidence inadmissible. *http://www.nytimes.com/2009/03/12/world/europe/ 12italy.html?_r=1&ref=world* (last accessed May 5, 2009). Italian prosecutors publicly stated that the trial against the USG officials will still go forward.

*http://www.latimes.com/news/nationworld/world/la-fg-italy-cia13-2009mar13,0, 5248749.story* (last visited May 12, 2009).

15. On April 22, 2009, Judge Magi adjourned the criminal proceedings until May 20, 2009, in order to consider requests from Italian government-appointed defense lawyers seeking to have the proceedings and indictments dismissed in their entirety. *http://uk.reuters.com/article/usTopNews/idUKTRE53L4V520090422?pageNumber=1&vi rtualBrandChannel=0* (last accessed May 5, 2009).

16. On May 14, 2009, Sabrina De Sousa ("De Sousa"), one of the twenty-six USG officials under indictment, filed suit against the DOS in the United States District Court for the District of Columbia. <u>De Sousa v. Dep't of State</u>, Civil Action No. 09-00896 (D.D.C.)(RMU). In her lawsuit, De Sousa denied involvement in the alleged rendition and seeks to compel the DOS to formally invoke diplomatic/consular immunity on her behalf with respect to the Italian criminal and civil proceedings, as well as require the USG to provide her with legal representation. <u>See</u> *http://www.nytimes.com/2009/05/14 /us/14diplo.html* (last accessed August 4, 2009).

17. On May 20, 2009, Judge Magi ruled that the criminal proceedings would continue and dismissed the request to dismiss the indictments in their entirety. Judge Magi clarified that the prosecution would not be permitted to rely upon Top Secret information. <u>See</u> *http://www.nytimes.com/2009/05/21/world/europe/21italy.html* (last accessed August 4, 2009).

18. After requesting legal assistance from the USG for more than three years, by letter dated August 26, 2009, the USG agreed to provide De Sousa with legal representation in the Italian proceedings. Of course, the criminal proceedings are entering their final phase.

The trial is scheduled to commence again on September 23, 2009, and a verdict is expected later this year.

19. On August 31, 2009, the USG filed a Motion to Dismiss De Sousa's lawsuit on the basis that the invocation of diplomatic/consular immunity was a discretionary function over which federal courts have no jurisdiction.

20. To date, the USG has not admitted to having participated in Abu Omar's rendition. Thus, neither the DOS in particular nor the USG in general has formally invoked diplomatic/consular immunity on behalf of any of the twenty-six USG officials. Upon information and belief, several (including De Sousa), if not all, of the twenty-six USG officials are entitled to diplomatic/consular immunity with respect to any actions they allegedly undertook, and it is virtually unprecedented that immunity has not been invoked in such a case as presented in Italy. Upon further information and belief, there have been numerous high-level USG meetings, including by officials of the defendants, to discuss whether immunity should be invoked on behalf of one or more of the indicted US officials. Until that happens, this case sets a dangerous precedent and sends a terrible message to anyone who is interested in serving USG interests overseas.

## <u>COUNT ONE</u>
### (CENTRAL INTELLIGENCE AGENCY)

21. By letter dated June 23, 2009, Cole submitted a FOIA request to the CIA for copies of all records, including cross-references, that pertain to: "1) Usama Mustafa Hassan Nasr ("Abu Omar"); 2) the kidnapping of Abu Omar on or about February 17, 2003 in Milan, Italy; 3) the subsequent alleged extraordinary rendition of Abu Omar to Egypt for interrogation; and 4) the ongoing criminal proceedings involving twenty-six

United States Government ("USG") officials in Milan, Italy presently pending before

Judge Oscar Magi and prosecuted by Italian Prosecutor Armando Spataro for the alleged

kidnapping and extraordinary rendition of Abu Omar." Cole noted that the CIA could

restrict the scope of its search to records dated from January 1, 2001 to the date of

acceptance of the request. Cole also clarified that the definition of "records" should be

construed to include, but not be limited to, e-mails, facsimiles, and text messages on

government-provided cell phones and blackberries, that the scope of the search should not

be limited to CIA-originated records and that the scope of the search should be construed

to include records that are currently in the possession of any U.S. Government contractors

for purposes of records management. Cole identified multiple known aliases for Abu

Omar to be included as search terms, namely: "(a) Usama Hasan Mustafa Nasr; (b) Abu

Umar; (c) Abu Omar Al Albani; and (d) Abu Umar Al Albani." Lastly, Cole requested

that all responsive records be produced in electronic format.

22. In his FOIA request, Cole also highlighted that he was seeking a waiver of fees as

a "representative of the news media." Cole explained that he was an investigative reporter

working for ABC television, had recently published for GQ an in-depth analysis of the

political and personnel-based fallout that resulted from the initiation of the criminal

proceedings in Italy concerning the kidnapping of Abu Omar and that he was preparing to

publish a book regarding the Abu Omar kidnapping. Consequently, Cole had

demonstrated his ability to disseminate information on a wide scale. Furthermore, Cole

asserted that the information sought would contribute to the public's understanding of

government operations or activities and is in the public interest, as the political

controversy surrounding "extraordinary rendition", the criminal proceedings in Italy

against USG officials and the pending civil litigation brought by former DOS official Sabrina De Sousa to force DOS to formally invoke diplomatic/consular immunity on her behalf had all received immense media attention both in the United States and across the world.

23. As twenty working days have elapsed without a substantive determination by the CIA concerning Cole's request, he has therefore constructively exhausted all required administrative remedies.

24. Cole has a legal right under the FOIA to obtain the information she seeks, and there is no legal basis for the denial by the CIA of said right.

**COUNT TWO**
**(DEPARTMENT OF DEFENSE – OFFICE OF THE SECRETARY OF DEFENSE)**

25. By letter dated June 23, 2009, Cole submitted a FOIA request to the OSD for copies of all records, including cross-references, that pertain to: "1) Usama Mustafa Hassan Nasr ("Abu Omar"); 2) the kidnapping of Abu Omar on or about February 17, 2003 in Milan, Italy; 3) the subsequent alleged extraordinary rendition of Abu Omar to Egypt for interrogation; and 4) the ongoing criminal proceedings involving twenty-six United States Government ("USG") officials in Milan, Italy presently pending before Judge Oscar Magi and prosecuted by Italian Prosecutor Armando Spataro for the alleged kidnapping and extraordinary rendition of Abu Omar." Cole noted that the OSD could restrict the scope of its search to records dated from January 1, 2001 to the date of acceptance of the request. Cole also clarified that the definition of "records" should be construed to include, but not be limited to, e-mails, facsimiles, and text messages on government-provided cell phones and blackberries, that the scope of the search should not

be limited to OSD-originated records and that the scope of the search should be construed

to include records that are currently in the possession of any U.S. Government contractors

for purposes of records management. Cole identified multiple known aliases for Abu

Omar to be included as search terms, namely: "(a) Usama Hasan Mustafa Nasr; (b) Abu

Umar; (c) Abu Omar Al Albani; and (d) Abu Umar Al Albani." Lastly, Cole requested

that all responsive records be produced in electronic format.

26. In his FOIA request, Cole also highlighted that he was seeking a waiver of fees as

a "representative of the news media." Cole explained that he was an investigative reporter

working for ABC television, had recently published for GQ an in-depth analysis of the

political and personnel-based fallout that resulted from the initiation of the criminal

proceedings in Italy concerning the kidnapping of Abu Omar and that he was preparing to

publish a book regarding the Abu Omar kidnapping. Furthermore, Cole asserted that the

information sought would contribute to the public's understanding of government

operations or activities and is in the public interest, as the political controversy

surrounding "extraordinary rendition", the criminal proceedings in Italy against USG

officials and the pending civil litigation brought by former DOS official Sabrina De

Sousa to force DOS to formally invoke diplomatic/consular immunity on her behalf had

all received immense media attention both in the United States and across the world.

27. By letter dated June 30, 2009, OSD acknowledged receipt of the request and

assigned it Request No. 09-F-1292. The OSD noted that it was granting Cole "news

media" status.

28. As twenty working days have elapsed without a determination by the OSD concerning Cole's request, he has therefore constructively exhausted all required administrative remedies.

29. Cole has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by the OSD of said right.

## COUNT THREE
### (DEPARTMENT OF DEFENSE  - UNITED STATES EUROPEAN COMMAND)

30.  By letter dated June 23, 2009, Cole submitted a FOIA request to EUCOM for copies of all records, including cross-references, that pertain to: "1) Usama Mustafa Hassan Nasr ("Abu Omar"); 2) the kidnapping of Abu Omar on or about February 17, 2003 in Milan, Italy; 3) the subsequent alleged extraordinary rendition of Abu Omar to Egypt for interrogation; and 4) the ongoing criminal proceedings involving twenty-six United States Government ("USG") officials in Milan, Italy presently pending before Judge Oscar Magi and prosecuted by Italian Prosecutor Armando Spataro for the alleged kidnapping and extraordinary rendition of Abu Omar." Cole noted that EUCOM could restrict the scope of its search to records dated from January 1, 2001 to the date of acceptance of the request. Cole also clarified that the definition of "records" should be construed to include, but not be limited to, e-mails, facsimiles, and text messages on government-provided cell phones and blackberries, that the scope of the search should not be limited to EUCOM-originated records and that the scope of the search should be construed to include records that are currently in the possession of any U.S. Government contractors for purposes of records management. Cole identified multiple known aliases for Abu Omar to be included as search terms, namely: "(a) Usama Hasan Mustafa Nasr;

(b) Abu Umar; (c) Abu Omar Al Albani; and (d) Abu Umar Al Albani." Lastly, Cole requested that all responsive records be produced in electronic format.

31. In his FOIA request, Cole also highlighted that he was seeking a waiver of fees as a "representative of the news media." Cole explained that he was an investigative reporter working for ABC television, had recently published for GQ an in-depth analysis of the political and personnel-based fallout that resulted from the initiation of the criminal proceedings in Italy concerning the kidnapping of Abu Omar and that he was preparing to publish a book regarding the Abu Omar kidnapping. Consequently, Cole had demonstrated his ability to disseminate information on a wide scale. Furthermore, Cole asserted that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest, as the political controversy surrounding "extraordinary rendition", the criminal proceedings in Italy against USG officials and the pending civil litigation brought by former DOS official Sabrina De Sousa to force DOS to formally invoke diplomatic/consular immunity on her behalf had all received immense media attention both in the United States and across the world.

32. By e-mail dated June 29, 2009, EUCOM acknowledged receipt of the request and assigned it Request No. 09-FOIA-28.

33.  As twenty working days have elapsed without a determination by EUCOM concerning Cole's request, he has therefore constructively exhausted all required administrative remedies.

34.  Cole has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by EUCOM of said right.

## COUNT FOUR
## (DEPARTMENT OF DEFENSE – DEFENSE LOGISTICS AGENCY)

35. By letter dated June 23, 2009, Cole submitted a FOIA request to DLA for copies of all records, including cross-references, that pertain to: "1) Usama Mustafa Hassan Nasr ("Abu Omar"); 2) the kidnapping of Abu Omar on or about February 17, 2003 in Milan, Italy; 3) the subsequent alleged extraordinary rendition of Abu Omar to Egypt for interrogation; and 4) the ongoing criminal proceedings involving twenty-six United States Government ("USG") officials in Milan, Italy presently pending before Judge Oscar Magi and prosecuted by Italian Prosecutor Armando Spataro for the alleged kidnapping and extraordinary rendition of Abu Omar." Cole noted that DLA could restrict the scope of its search to records dated from January 1, 2001 to the date of acceptance of the request. Cole also clarified that the definition of "records" should be construed to include, but not be limited to, e-mails, facsimiles, and text messages on government-provided cell phones and blackberries, that the scope of the search should not be limited to DLA-originated records and that the scope of the search should be construed to include records that are currently in the possession of any U.S. Government contractors for purposes of records management. Cole identified multiple known aliases for Abu Omar to be included as search terms, namely: "(a) Usama Hasan Mustafa Nasr; (b) Abu Umar; (c) Abu Omar Al Albani; and (d) Abu Umar Al Albani." Lastly, Cole requested that all responsive records be produced in electronic format.

36. In his FOIA request, Cole also highlighted that he was seeking a waiver of fees as a "representative of the news media." Cole explained that he was an investigative reporter working for ABC television, had recently published for GQ an in-depth analysis of the

political and personnel-based fallout that resulted from the initiation of the criminal proceedings in Italy concerning the kidnapping of Abu Omar and that he was preparing to publish a book regarding the Abu Omar kidnapping. Consequently, Cole had demonstrated his ability to disseminate information on a wide scale. Furthermore, Cole asserted that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest, as the political controversy surrounding "extraordinary rendition", the criminal proceedings in Italy against USG officials and the pending civil litigation brought by former DOS official Sabrina De Sousa to force DOS to formally invoke diplomatic/consular immunity on her behalf had all received immense media attention both in the United States and across the world.

37. By way of a telephone call on June 26, 2009, DLA contacted Mr. Moss and clarified the scope of records sought by the FOIA request.

38. By letter dated July 30, 2009, DLA informed Cole that its search had not located any responsive records. The request was assigned Request No. DLA-09-HFOI-00108.

39. By letter dated August 11, 2009, Cole administratively appealed the adequacy of DLA's search.

40. As twenty working days have elapsed without a determination by DLA concerning Cole's appeal, he has therefore constructively exhausted all required administrative remedies.

41.  Cole has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by DLA of said right.

## COUNT FIVE
### (DEPARTMENT OF STATE)

42. By letter dated June 23, 2009, Cole submitted a FOIA request to the DOS for copies of all records, including cross-references, that pertain to: "1) Usama Mustafa Hassan Nasr ("Abu Omar"); 2) the kidnapping of Abu Omar on or about February 17, 2003 in Milan, Italy; 3) the subsequent alleged extraordinary rendition of Abu Omar to Egypt for interrogation; and 4) the ongoing criminal proceedings involving twenty-six United States Government ("USG") officials in Milan, Italy presently pending before Judge Oscar Magi and prosecuted by Italian Prosecutor Armando Spataro for the alleged kidnapping and extraordinary rendition of Abu Omar." Cole noted that the DOS could restrict the scope of its search to records dated from January 1, 2001 to the date of acceptance of the request. Cole also clarified that the definition of "records" should be construed to include, but not be limited to, e-mails, facsimiles, and text messages on government-provided cell phones and blackberries, that the scope of the search should not be limited to DOS-originated records and that the scope of the search should be construed to include records that are currently in the possession of any U.S. Government contractors for purposes of records management. Cole identified multiple known aliases for Abu Omar to be included as search terms, namely: "(a) Usama Hasan Mustafa Nasr; (b) Abu Umar; (c) Abu Omar Al Albani; and (d) Abu Umar Al Albani." Lastly, Cole requested that all responsive records be produced in electronic format.

43. In his FOIA request, Cole also highlighted that he was seeking a waiver of fees as a "representative of the news media." Cole explained that he was an investigative reporter working for ABC television, had recently published for GQ an in-depth analysis of the

political and personnel-based fallout that resulted from the initiation of the criminal proceedings in Italy concerning the kidnapping of Abu Omar and that he was preparing to publish a book regarding the Abu Omar kidnapping. Consequently, Cole had demonstrated his ability to disseminate information on a wide scale. Furthermore, Cole asserted that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest, as the political controversy surrounding "extraordinary rendition", the criminal proceedings in Italy against USG officials and the pending civil litigation brought by former DOS official Sabrina De Sousa to force DOS to formally invoke diplomatic/consular immunity on her behalf had all received immense media attention both in the United States and across the world.

44.  By letter dated July 15, 2009, the DOS acknowledged receipt of the request and assigned it Request No. 200905211. The letter indicated that DOS had assigned the request to the "all other" fee category. The letter made no reference of the fact that the request had been submitted on behalf of Cole or that Cole had requested "representative of the news media" status and appeared to mistakenly presume that the request had been submitted by Cole's attorney, Bradley P. Moss ("Mr. Moss"), on his own behalf.

45.  By way of a telephone conversation on July 29, 2009, Mr. Moss contacted DOS and requested clarification with respect to Cole's request for "representative of the news media" status. DOS recognized the apparent oversight and requested that Mr. Moss provide additional factual support for Cole's request for "representative of the news media" status. During the telephone conversation, DOS asked for clarification with respect to whether Cole was requesting both a waiver of all fees and, in the alternative, a

waiver of particular fees in accordance with being assigned "representative of the news media" status. Mr. Moss stated that Cole was asking for a categorical waiver of all fees or, alternatively, "representative of the news media" status.

46. By way of a telephone conversation that same day, Mr. Moss provided the requested factual information supporting Cole's request to be assigned "representative of the news media" status for the purpose of assessing fees.

47. By e-mail dated August 5, 2009, Mr. Moss sought to clarify his original statement to DOS with respect to Cole's request for a waiver of fees. In the e-mail, Mr. Moss indicated that he had inadvertently identified the nature of Cole's request with respect to a fee waiver. Mr. Moss clarified that Cole was only seeking "representative of the news media" status and was not seeking a separate, categorical waiver of all fees.

48. As twenty working days have elapsed without a determination by the DOS concerning Cole's request, he has therefore constructively exhausted all required administrative remedies.

49. Cole has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by the DOS of said right.

## COUNT SIX
### (DEFENSE INTELLIGENCE AGENCY)

50.  By letter dated June 23, 2009, Cole submitted a FOIA request to the DIA for copies of all records, including cross-references, that pertain to: "1) Usama Mustafa Hassan Nasr ("Abu Omar"); 2) the kidnapping of Abu Omar on or about February 17, 2003 in Milan, Italy; 3) the subsequent alleged extraordinary rendition of Abu Omar to Egypt for interrogation; and 4) the ongoing criminal proceedings involving twenty-six

United States Government ("USG") officials in Milan, Italy presently pending before

Judge Oscar Magi and prosecuted by Italian Prosecutor Armando Spataro for the alleged

kidnapping and extraordinary rendition of Abu Omar." Cole noted that the DIA could

restrict the scope of its search to records dated from January 1, 2001 to the date of

acceptance of the request. Cole also clarified that the definition of "records" should be

construed to include, but not be limited to, e-mails, facsimiles, and text messages on

government-provided cell phones and blackberries, that the scope of the search should not

be limited to DIA-originated records and that the scope of the search should be construed

to include records that are currently in the possession of any U.S. Government contractors

for purposes of records management. Cole identified multiple known aliases for Abu

Omar to be included as search terms, namely: "(a) Usama Hasan Mustafa Nasr; (b) Abu

Umar; (c) Abu Omar Al Albani; and (d) Abu Umar Al Albani." Lastly, Cole requested

that all responsive records be produced in electronic format.

51. In his FOIA request, Cole also highlighted that he was seeking a waiver of fees as

a "representative of the news media." Cole explained that he was an investigative reporter

working for ABC television, had recently published for GQ an in-depth analysis of the

political and personnel-based fallout that resulted from the initiation of the criminal

proceedings in Italy concerning the kidnapping of Abu Omar and that he was preparing to

publish a book regarding the Abu Omar kidnapping. Consequently, Cole had

demonstrated his ability to disseminate information on a wide scale. Furthermore, Cole

asserted that the information sought would contribute to the public's understanding of

government operations or activities and is in the public interest, as the political

controversy surrounding "extraordinary rendition", the criminal proceedings in Italy

against USG officials and the pending civil litigation brought by former DOS official Sabrina De Sousa to force DOS to formally invoke diplomatic/consular immunity on her behalf had all received immense media attention both in the United States and across the world.

52. By letter dated June 26, 2009, the DIA acknowledged receipt of the request and assigned it Request No. 0322-2009.

53. As twenty working days have elapsed without a determination by the DIA concerning Cole's request, he has therefore constructively exhausted all required administrative remedies.

54. Cole has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by the DIA of said right.

## COUNT SEVEN
### (DEPARTMENT OF THE AIR FORCE)

55.  By letter dated June 23, 2009, Cole submitted a FOIA request to the Air Force for copies of all records, including cross-references, that pertain to: "1) Usama Mustafa Hassan Nasr ("Abu Omar"); 2) the kidnapping of Abu Omar on or about February 17, 2003 in Milan, Italy; 3) the subsequent alleged extraordinary rendition of Abu Omar to Egypt for interrogation; and 4) the ongoing criminal proceedings involving twenty-six United States Government ("USG") officials in Milan, Italy presently pending before Judge Oscar Magi and prosecuted by Italian Prosecutor Armando Spataro for the alleged kidnapping and extraordinary rendition of Abu Omar." Cole noted that the Air Force could restrict the scope of its search to records dated from January 1, 2001 to the date of acceptance of the request. Cole also clarified that the definition of "records" should be

18

construed to include, but not be limited to, e-mails, facsimiles, and text messages on government-provided cell phones and blackberries, that the scope of the search should not be limited to Air Force-originated records and that the scope of the search should be construed to include records that are currently in the possession of any U.S. Government contractors for purposes of records management. Cole identified multiple known aliases for Abu Omar to be included as search terms, namely: "(a) Usama Hasan Mustafa Nasr; (b) Abu Umar; (c) Abu Omar Al Albani; and (d) Abu Umar Al Albani." Lastly, Cole requested that all responsive records be produced in electronic format.

56. In his FOIA request, Cole also highlighted that he was seeking a waiver of fees as a "representative of the news media." Cole explained that he was an investigative reporter working for ABC television, had recently published for GQ an in-depth analysis of the political and personnel-based fallout that resulted from the initiation of the criminal proceedings in Italy concerning the kidnapping of Abu Omar and that he was preparing to publish a book regarding the Abu Omar kidnapping. Consequently, Cole had demonstrated his ability to disseminate information on a wide scale. Furthermore, Cole asserted that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest, as the political controversy surrounding "extraordinary rendition", the criminal proceedings in Italy against USG officials and the pending civil litigation brought by former DOS official Sabrina De Sousa to force DOS to formally invoke diplomatic/consular immunity on her behalf had all received immense media attention both in the United States and across the world.

57.  By letter dated July 1, 2009, the Air Force acknowledged receipt of the request and assigned it Request No. 2009-01784-F. The Air Force informed Cole that it was not the office primarily responsible for the documents requested and indicated that it was forwarding Cole's request to the Air Force's Office of Special Investigations ("OSI").

58.  By letter dated July 6, 2009, the OSI acknowledged receipt of Cole's forwarded request and assigned it Request No. 2009-FOIA-00348.

59.  By letter dated August 4, 2009, the Air Force advised Cole that his FOIA request had been forwarded back to the Air Force from OSI and assigned Request No. 2009-02876-F. By way of a telephone call on August 10, 2009, Air Force FOIA Manager Della Macias clarified for Mr. Moss that OSI had identified potentially responsive records which belonged to the Air Force, not OSI, and accordingly needed to be reviewed by the Air Force for purposes of releasing the records in their entirety or withholding them in whole or in part.

60.  As twenty working days have elapsed without a determination by the Air Force concerning Cole's request, he has therefore constructively exhausted all required administrative remedies.

61. Cole has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by the Air Force of said right.

WHEREFORE, plaintiff Matthew Cole prays that this Court:

(1) Orders the defendants to disclose the requested records in their entireties and make electronic copies promptly available to him;

(2)  Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date:    September 14, 2009

                            Respectfully submitted,

                            _____

                            Mark S. Zaid, Esq.
                            D.C. Bar #440532
                            Bradley P. Moss, Esq.
                            D.C. Bar #975905
                            Ilana S. Greenstein, Esq.
                            D.C. Bar #MD9622
                            Mark S. Zaid, P.C.
                            1250 Connecticut Avenue, N.W.
                            Suite 200
                            Washington, D.C. 20036
                            (202) 454-2809
                            (202) 330-5610 fax
                            Brad@MarkZaid.com
                            Mark@MarkZaid.com
                            Ilana@MarkZaid.com

                            Attorneys for Plaintiff